UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DALONTA CRUDUP, *et al.*,<br><br>　Plaintiffs,<br><br>　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　Defendants. | Civil Action No. 1:20-cv-01135-TSC |

JOINT SCHEDULING CONFERENCE REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, and the Court's April 11, 2023 Order for Initial Scheduling Conference, Plaintiffs Dalonta Crudup, Dontrey Bell, David Burns, Joevantae Ramsey (Plaintiffs) and Defendants District of Columbia, Sherman Anderson, Eddie Choi, Brandon Joseph, Christina Laury, Mark Minzak, Justin Rogers, Iatezaz Tariq, Nelson Torres, and John Wright (Defendants) (collectively, the Parties) jointly submit this Conference Report and Discovery Plan, subsequent to the joint meeting of counsel, which occurred on May 19, 2023. An initial scheduling conference in this matter is set for May 26, 2023.

I. **PARTIES' SUMMARY OF THE CASE AND STATUTORY BASES FOR ALL CAUSES OF ACTION AND DEFENSES**

　A.　**Plaintiffs**

　　1.　**Plaintiffs' Summary of the Case**

Dalonta Crudup, Dontrey Bell, David Burns, and Joevantae Ramsey (Plaintiffs) are bringing this action against the Government of the District of Columbia and the named Metropolitan Police Department (MPD) Officer Defendants in their individual and official capacities under 42 U.S.C.A. § 1983 for injuries they suffered due to the following: 1) the

1

District's unconstitutional custom and policy of stopping, frisking and searching African American people (especially young African American men) looking for guns without reasonable suspicion or probable cause, 2) fabricating facts to justify the stops, frisks and searches, and 3) intentionally discriminating on the basis of race through its Gun Recovery Unit in violation of the plaintiffs' Fourth and Fifth Amendment rights.

        **2.**        **Plaintiffs' Statement of the Statutory Bases for All Causes of Action**

The statutory basis for Plaintiffs' claims is 42 U.S.C. § 1983.

**B**.        <u>**Defendants**</u>

        **1.**        **Defendants' Summary of the Case**

Defendants had a lawful basis to search each Plaintiff for a weapon. As a result of those lawful searches, Defendants discovered that Plaintiffs were in possession of illegal firearms. In their Amended Complaint, Plaintiffs do not dispute that they were in possession of illegal firearms. Defendants deny that Plaintiffs were illegally searched and deny that the Metropolitan Police Department (MPD) has a custom and practice of searching anyone for firearms without reasonable suspicion or probable cause. Defendants also deny that Plaintiffs were discriminated against because of their race.

        **2.**        **Defendants' Statement of the Statutory Bases for All Defenses**

Defendants intend to rely on 42 U.S.C. § 1983, and the related law regarding, among other matters, municipal liability and qualified immunity. Defendants additionally reserve all rights to amend their defenses, or to assert new defenses, as new facts are discovered and the circumstances warrant.

**II.**        **MATTERS TO BE DISCUSSED BY THE PARTIES PURSUANT TO LOCAL CIVIL RULE 16.3(c) AND JOINT DISCOVERY PLAN**

1. *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the Parties should recommend to the Court that discovery or other matters should await a decision on the motion.*

The Parties believe the case is likely to be disposed of on motions for summary judgment. The Parties do not believe that discovery should await a decision on such motions. The Parties' proposed briefing schedule is set forth below in Paragraph 6 and in the attached proposed Scheduling Order (Exhibit A).

2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

There are no other anticipated additional parties nor amendments to the pleadings. The Parties are not aware of any factual or legal issues that can be agreed upon or narrowed at this time.

3. *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The Parties do not believe that the case should be assigned to a magistrate judge.

4. *Whether there is a realistic possibility of settling the case.*

The Parties do not believe that there is a realistic possibility of settling the case at this time but will continue to confer on the possibility of settlement.

5. *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:*

   (i)   *the client's goals in bringing or defending the litigation;*

   (ii)  *whether settlement talks have already occurred and, if so, why they did not produce an agreement;*

   (iii) *the point during the litigation when ADR would be most appropriate, with special consideration given to:*

    (aa) *whether ADR should take place after the informal exchange or production through discovery of specific items of information; and*

    (bb) *whether ADR should take place before or after the judicial resolution of key legal issues;*

  (iv) *whether the Parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and*

  (v) *whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.*

The Parties do not believe this case would benefit from ADR at this stage of the litigation. As discovery proceeds, the Parties believe that informal settlement negotiations will be sufficient to achieve any possible resolution of the case before trial but are not opposed to considering ADR after discovery closes.

 6. *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The Parties propose the following case schedule, which includes a briefing schedule for dispositive motions and is also attached as Exhibit A.

| Event | Deadline |
|---|---|
| Deadline to Exchange Initial Disclosures | June 15, 2023 |
| Deadline to Amend the Pleadings | June 30, 2023 |
| Deadline to Join Additional Parties | June 30, 2023 |
| Plaintiffs' Rule 26(a)(2) Expert Disclosures | November 1, 2023 |
| Defendants' Rule 26(a)(2) Expert Disclosures | February 1, 2024 |
| End of Discovery | April 1, 2024 |

| Plaintiffs' Motion for Summary Judgment due | May 1, 2024 |
| --- | --- |
| Defendants' Opposition/Cross-Motion for Summary Judgment due | May 31, 2024 |
| Plaintiffs' Reply/Opposition due | June 28, 2024 |
| Defendants' Reply due | July 19, 2024 |
| Pretrial Conference | TBD after the Court's ruling on motions for summary judgment |

> 7. Whether the Parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The Parties will exchange Fed. R. Civ. P. 26(a)(1) disclosures on or before June 15, 2023.

> 8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Plaintiffs anticipate seeking discovery from the Defendant police officers focusing on the incidents alleged in the Amended Complaint. Plaintiffs further anticipate seeking discovery from the District of Columbia as to the policies and procedures in effect at the time of the stops of the plaintiffs, as outlined in the Amended Complaint. Plaintiffs anticipate at least one (and likely more) Rule 30(b)(6) deposition.

Defendants anticipate seeking discovery of Plaintiffs, focusing on the incidents alleged in the Amended Complaint.

The Parties further propose the schedule for discovery set forth above in Paragraph 6 and in Exhibit A.

The Parties believe that a protective order is appropriate, are currently negotiating one, and hope to present it for the Court's review and approval soon.

>   9.  Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

The Parties agree that, unless otherwise stated, each request made under Rule 34 of the Federal Rules of Civil Procedure will be presumed to include a request for responsive electronically stored information ("ESI"). Such requests shall be reasonably limited in time and wherever possible clearly specify both custodians and terms to guide the responding party's search. The Parties have discussed the disclosure and discovery of ESI and will confer upon the form or forms in which it should be produced. The Parties agree to preserve all discoverable information.

>   10. Any issues about claims of privilege or of protection as trial-preparation materials, including if the Parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

The Parties are presently unaware of any issues regarding privilege at this juncture. The Parties may negotiate in good faith an agreement regarding the assertion of privileges, the manner in which the Parties intend to address disputes regarding privilege, and issues related to waiver, whether intentional or not, including inadvertent disclosures and for "claw back" or "quick peek" terms, as contemplated by Federal Rule of Evidence 502. Any such agreement will be captured in the Parties' proposed protective order.

>   11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

The Parties are likely to designate experts, but do not believe that any modifications to the requirements set forth under Federal Rule of Civil Procedure 26(a)(2) are required at this time. The Parties' proposed schedule for expert discovery is set forth above in Paragraph 6 and in Exhibit A.

    12.    *In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This case is not a class action.

    13.    *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The Parties believe at this time that bifurcation is neither necessary nor helpful to resolving this case, but may reconsider the advisability of bifurcation following discovery or the resolution of the Parties' motions summary judgment.

    14.    *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The Parties propose that the pretrial conference should be scheduled for a date approximately 60 days after the decision on any summary judgment motions on liability.

    15.    *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The Parties propose that the trial date be set at the pretrial conference for 30 to 60 days after that conference.

    16.    *Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.*

None.

Dated: May 24, 2023.                          Respectfully submitted,

                                                */s/ Michael Bruckheim /s/*
                                                MICHAEL BRUCKHEIM [455192]
                                                Bruckheim & Patel
                                                401 East Jefferson Street, STE 201
                                                Rockville, Maryland 20850
                                                (ph): 240-753-8222
                                                (fax): 240-556-0300
                                                (E-mail): michael@brucklaw.com

*/s/ Sweta Patel /s/*
Sweta Patel [1013010]
Bruckheim & Patel
1100 H Street NW, STE 830
Washington, DC 20005
(ph): 202- 930- 3464
 (fax): 240-556-0300
(E-mail): Patel@brucklaw.com

*/s/ Carl Messenio /s/*
Carl Messineo [450033]
717 D Street NW, Suite 310
Washington, DC 20004
(ph): 202-277- 4625
(E-mail): CM@messineolegal.com

*Counsel for Plaintiffs*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

*/s/ Brendan Heath*
BRENDAN HEATH [1619960]
RICHARD P. SOBIECKI [500163]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 442-9880
brendan.heath@dc.gov

*Counsel for Defendants*

8